UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT R. CAFFALL,

                                  Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                                Defendant.

CASE NO. C17-5051-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff Scott R. Caffall proceeds through counsel in his appeal of a final decision of the

Commissioner of the Social Security Administration (Commissioner). The Commissioner denied

Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits

(DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's

decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED

and REMANDED for a finding of disability.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1958.[1] He has a high school diploma, and has worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

dish washer, prep cook, fish freezer, forklift operator, and weeder. (AR 58, 340, 418.)

Plaintiff protectively applied for SSI and DIB in March 2010. (AR 102-03, 308-15.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 144-48, 150-57.)

ALJ Joanne Dantonio held a hearing, but Plaintiff failed to appear and the ALJ subsequently dismissed his request for a hearing. (AR 135-36.) Plaintiff timely appealed. The Appeals Council granted Plaintiff's request for review, finding that because the hearing notices were sent to the incorrect address, he had good cause for his failure to appear. (AR 138.) The Appeals Council remanded the matter to the ALJ to allow Plaintiff another opportunity for a hearing. (AR 138-39.)

The ALJ held a hearing on December 17, 2014, taking testimony from Plaintiff and a vocational expert. (AR 53-99.) On June 23, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 30-42.) The Appeals Council denied Plaintiff's request for review on November 21, 2016 (AR 1-10), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked since his amended alleged onset date, but that the work did not rise to the level of substantial gainful activity. (AR 32.) At step two, it must be determined whether a claimant suffers from a

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

severe impairment. The ALJ found severe Plaintiff's methamphetamine abuse (in current remission), cannabis abuse (in reported current remission), alcohol abuse (in uncertain remission), reading disorder, mathematics disorder, written expression disorder, and borderline intellectual functioning. (AR 32-34.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 34-36.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing medium work, with the following additional limitations: he cannot climb ladders, ropes, or scaffolds, and can only occasionally climb ramps. He can occasionally stoop, kneel, crouch, crawl, and balance. He must avoid concentrated exposure to pulmonary irritants and vibrations. He is limited to simple, routine tasks that do not require reading, writing, or doing math. He can work with less than occasional changes in work tasks. (AR 37.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as an industrial truck operator. (AR 41.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 41-42.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The parties agree that the ALJ's decision contains error, but disagree to some degree as to the appropriate remedy.  Plaintiff requests a remand for a finding of disability, or further proceedings in the alternative, with certain stipulations; the Commissioner requests a remand for further proceedings on more limited grounds. Dkt. 13, 17.  Because, as explained *infra*, the Court finds error at step three, this error is dispositive and the remainder of the parties' disputes need not be addressed.

## Listing 12.05C

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations.  "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  An impairment must have the findings shown in the listing, *id*., and must meet all of the specified medical criteria, *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1    To satisfy Listing 12.05C as it existed at the time Plaintiff filed his applications[2], a claimant

2    must satisfy the following three requirements:

3        (1)    Significantly subaverage general intellectual functioning with
                deficits in adaptive functioning initially manifested during the
4                developmental period; i.e., the evidence demonstrates or supports
                onset of impairment before age 22;

5
             (2)    A valid verbal, performance, or full scale IQ score of 60 to
6                70; and

7        (3)    A physical or other mental impairment imposing an additional and
                significant work-related limitation of function.

8

9    20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05C (2011); *Kennedy v. Colvin*, 738 F.3d 1172, 1175-76

10   (9th Cir. 2013).

11       The parties agree that the second and third requirements of Listing 12.05C have been

12   satisfied, as the ALJ herself found.  AR 36; Dkt. 17 at 3.  The ALJ found that Plaintiff did not meet

13   Listing 12.05C because there "is still no evidence in the record that [Plaintiff's] issues manifested

14   themselves prior to the age of 22."   (AR 36.)  Plaintiff argues that his special education history

15   demonstrates his adaptive functioning deficits during the developmental period.  Dkt. 13 at 14.

16       In her brief, the Commissioner argues that Plaintiff's attendance in special education and

17   his reading, writing, and mathematics disorders is insufficient to establish deficits in adaptive

18   _____

19       [2] In recent revisions to the listings for mental disorders, effective January 17, 2017, the Social
     Security Administration removed paragraph C from Listing 12.05. Revised Medical Criteria for Evaluating
     Mental Disorders, 81 Fed. Reg. 66138 (Sept. 26, 2016).  Revised Listing 12.05B requires: (1) either a full
20   scale IQ of 70 or below or a full scale IQ of 71-75 with a verbal or performance IQ of 70 or below; (2)
     significant deficits in adaptive functioning "currently manifested" by extreme limitation of one or marked
21   limitation of two areas of mental functioning; and (3) evidence about "current intellectual and adaptive
     functioning" and the history of the disorder demonstrates or supports the conclusion it began prior to age
22   22.  20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05B (2017). *See also* Listing 12.00H(1).

         An ALJ should apply the listings in effect at the time of a claimant's application, and thus this
23   Court considers whether Plaintiff satisfies the version of Listing 12.05C in effect at the time of his
     application. *See Maines v. Colvin*, 666 Fed. Appx. 607, 608 (9th Cir. Nov. 16, 2016).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

1  functioning prior to age 22, because placement in special education does not necessarily reflect the

2  severity of his impairments, and because he was able to graduate from high school and read recipes

3  while he was employed in restaurants from age 17 to 34.  Dkt. 17 at 4.

4       The Commissioner does not address the many cases holding that special education

5  sufficiently establishes deficits in adaptive functioning prior to age 22.  *See, e.g.*, *Potts v. Colvin*,

6  637 Fed. Appx. 475, 476 (9th Cir. Mar. 2, 2016) (finding that school records indicating special

7  education "plainly establish that [claimant's] intellectual impairments and deficits in adaptive

8  functioning began before he turned 22"); *Jones v. Colvin*, 149 F.Supp.3d 1251, 1260 (D. Or. Feb.

9  29, 2016) ("Evidence that demonstrates deficits in adaptive functioning may be circumstantial.

10  Relevant circumstance evidence includes difficulties with reading and writing, attendance of

11  special education classes, and dropping out of school."); *Pedro v. Astrue*, 849 F.Supp.2d 1006,

12  1012 (D. Or. 2011) (claimant found to satisfy first prong of Listing 12.05C upon a showing that

13  she attended special education classes through her graduation from high school, and still has

14  struggles with reading and writing); *Campbell v. Astrue*, 2011 WL 444783, at *17 (E.D. Cal. Feb.

15  8, 2011) (claimant found to satisfy first prong of Listing 12.05C upon a showing that he *inter alia*

16  attended special education classes; struggled with reading, writing, and mathematics; and had a

17  "low skilled work history").

18       The Commissioner implies that the lack of IQ testing dating to the developmental period

19  further undermines the applicability of Listing 12.05C (Dkt. 17 at 4), but this argument is not

20  persuasive in light of cases holding that such testing is not needed in order to satisfy the first prong

21  of Listing 12.05C.  *See, e.g.*, *Pedro*, 849 F.Supp.2d at 1011-12 ("A showing of early onset for

22  purposes of Listing 12.05C does not require clinical or IQ tests.").

23  / / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

1    Furthermore, although Plaintiff did work in restaurants[3] during the developmental period

2    and afterward, that work was unskilled. (AR 89, 523.) He performed some semiskilled work as a

3    forklift operator (AR 89), but the Ninth Circuit and district courts in this circuit have found that

4    claimants satisfied Listing 12.05C despite an ability to perform semiskilled work. *See Potts*, 637

5    Fed. Appx. at 476; *Blacktongue v. Berryhill*, 229 F.Supp.3d 1216, 1223 n.8 (W.D. Wash. 2017)

6    (finding that plaintiff's semiskilled work as a forklift operator did not preclude a finding that he

7    satisfied the first prong of Listing 12.05C); *McGrew v. Colvin*, 2015 WL 1393291, at *7 (D. Or.

8    Mar. 25, 2015) ("Having some work history and possessing average living skills and the ability to

9    drive does not indicate that a claimant does not have deficits in adaptive functioning."). The Court

10   therefore rejects the Commissioner's suggestion that Plaintiff's work history shows that he cannot

11   satisfy the first prong of Listing 12.05C.

12       The undisputed evidence in this case shows that Plaintiff participated in special education

13   and still has deficits in his ability to read, write, and understand mathematics, and that his work

14   history involved primarily unskilled jobs. This evidence establishes that Plaintiff satisfies the first

15   prong of Listing 12.05C, and the parties agree that he satisfies the remaining prongs as well.

16   Therefore, the ALJ erred in finding at step three that Plaintiff did not meet Listing 12.05C. Further

17   proceedings would not serve a useful purpose, because the undisputed and unambiguous evidence

18   shows that Plaintiff meets Listing 12.05C and should have been found disabled at step three.

19   Accordingly, the appropriate remedy for the ALJ's errors is a remand for a finding of disability.

20   *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

21

22       [3] Although the Commissioner contends that Plaintiff read recipes as part of his work in restaurants
     (Dkt. 17 at 4), Plaintiff's report of making fettuccine according to "special instructions" does not necessarily
23   indicate that he read the instructions. (AR 523.) Plaintiff's reference to following a recipe on the back of
     a Rice Krispies box is not likely to be a reference to reading a recipe in a work setting. (*Id*.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for a finding of disability under Listing 12.05C.

DATED this <u>2nd</u> day of November, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8