# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SCOTT R. CAFFALL,

                           Plaintiff,

     v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                           Defendant.

CASE NO. C17-5051-MAT

ORDER

This matter comes before the Court on the Commissioner's motion to alter or amend the order and judgment previously entered in this case (Dkt. 19, 21), under Federal Rule of Civil Procedure 59(e). Dkt. 22. The Commissioner contends that the Court's order contains clear error in finding that Plaintiff met Listing 12.05C, and that even if Plaintiff did meet that listing, the Court should have remanded the case for further proceedings to consider the impact of Plaintiff's drug addiction and alcoholism (DAA) before finding him disabled. *Id.* For the reasons explained herein, the Commissioner's motion (Dkt. 22) is DENIED.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable

ORDER
PAGE - 1

evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) provides an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

The Commissioner argues that the Court committed manifest error in finding that Plaintiff met Listing 12.05C, which has three prongs:

(1) Significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of impairment before age 22;

(2) A valid verbal, performance, or full scale IQ score of 60 to 70; and

(3) A physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05C (2011). Specifically, the Commissioner argues that the Court's order contains an error of law because it refers to unpublished decisions holding that a claimant's special education and unskilled work history is evidence of deficits in adaptive functioning, for purposes of the listing's first prong. Dkt. 22 at 2-3. The Commissioner acknowledges, however, that the Ninth Circuit has published no authority addressing this issue, and further acknowledges that unpublished cases "provide a helpful framework for the Court's analysis." Dkt. 22 at 3.

The Commissioner also cites 20 C.F.R. § 416.924a(b)(7)(iv) (2016), as evidence that special education is not *per se* evidence of deficits in adaptive functioning, is misplaced, because this regulation pertains to childhood disability benefits, which are not at issue here, and does not pertain to the requirements of Listing 12.05C. The Commissioner has therefore not established

ORDER
PAGE - 2

error in the Court's finding that Plaintiff satisfied the "deficits in adaptive functioning" prong of Listing 12.05C, which is the only prong that was disputed by the parties in light of the ALJ's finding that the other two prongs were satisfied. Dkt. 23 at 3 (citing Dkt. 17 at 3).

The Commissioner also goes on to argue that even if Plaintiff did meet Listing 12.05C, he would not be entitled to benefits if his DAA was "material" to his disability. Dkt. 22 at 3-7. The Commissioner fails to explain how if DAA was factored out, Plaintiff would not meet Listing 12.05C, particularly in light of the Commissioner's prior concession that Plaintiff meets the second and third prongs of the listing. Dkt. 17 at 3 ("There is no dispute that Plaintiff satisfied the second and third criteria . . ."). The Commissioner cites no evidence that Plaintiff's deficits in adaptive functioning during the developmental period resulted from DAA. Although she cites Plaintiff's statements indicating that he started smoking marijuana at 15 and used street drugs during the decade in which he graduated from high school (Dkt. 24 at 4 n.2), the ALJ found that Plaintiff's learning disabilities and special education spanned his entire educational career. (Administrative Record (Dkt. 9) 32.)

Because the Commissioner has not shown that any of the requirements of Listing 12.05C would be impacted by factoring out Plaintiff's DAA, the Commissioner has failed to show clear error in the Court's order that this matter be remanded for a finding of disability. Accordingly, the Commissioner's motion for relief under Rule 59(e) is DENIED.

DATED this 12th day of December, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 3